IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DENNIS J. JOHNSON, #10297-018, ) | Civil Action No.: 5:19-00282-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHRISTOPHER SIMPSON, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Dennis J. Johnson ("Plaintiff") is an inmate in the custody of the Bureau of Prisons and is currently housed at FCI Estill. Plaintiff filed a *pro se* complaint seeking a monetary award under the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126(c), for a work-related injury he sustained to his head, which resulted in permanent disfigurement. Plaintiff claims a violation of his Fourteenth Amendment rights under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), contending that Defendant Christopher Simpson, the assistant safety manager at FCI Estill, refused to file a claim for compensation on Plaintiff's behalf.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On February 11, 2019, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court

---

[1] The Court notes that Plaintiff filed without success three actions in the United States District Court for the Southern District of Georgia arising out of the same unfortunate events concerning the work-related accident. *See Johnson v. Stanley*, No. 2:17-cv-91, 2018 WL 1830731, at *1 n.3 (S.D. Ga. Apr. 17, 2018) *adopted as modified*, 2018 WL 2193146 (S.D. Ga. May 14, 2018).

summarily dismiss the complaint without prejudice and without service of process. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed objections on February 27, 2019. The Report sets forth the relevant factual and procedural background as well as the relevant legal standards, which the Court incorporates here without recitation.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only as to those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommended that the Court dismiss the complaint without prejudice because it does not assert a cognizable constitutional violation.[2] The Magistrate

---

[2]The Magistrate Judge noted the limited scope of a *Bivens* action and found nonetheless that the complaint does not state a constitutional violation. (ECF No. 12 at 3 n.1). Likewise, for the purpose of dismissing the complaint for failure to state a claim, the Court assumes without deciding that a *Bivens* remedy is available. *See Wood v.*

2

Judge found that under the clear language of the IACA:

> Plaintiff—or Simpson on Plaintiff's behalf—may not file a claim until 45 days prior to Plaintiff's release date; if that claim is approved, Plaintiff's amount of compensation will be calculated based on the extent of his injuries at that time. While Plaintiff may appoint a legal representative, neither he nor his representative is entitled to any money at this time—still approximately ten years before Plaintiff's projected release date. Accordingly, by not filing Plaintiff's claim, Simpson has not violated Plaintiff's asserted constitutionally vested right in his award compensation.

(ECF No. 12 at 4).

Plaintiff appears to contend that the Magistrate Judge misapplied the law in that she treated the injury as an impairment rather than as disfigurement and failed to appropriately consider the fact that Plaintiff has appointed his sister as his legal representative for the purpose of receiving a lump sum award. Plaintiff argues that had Defendant filed the claim for compensation when Plaintiff requested, Plaintiff's legal representative would have received the lump sum award under the IACA and the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq.*. (ECF No. 15 at 9). For support, Plaintiff cites the following governing regulations, which he also cited in the complaint: 28 C.F.R. §§ 301.303, 301.304, 301.314  These citations do not support Plaintiff's position and rather they reinforce the Magistrate Judge's findings.

The IACA is a workers' compensation scheme that covers federal prisoners injured during the course of their prison employment and it provides the exclusive remedy for a federal prisoner who was injured while working. *United States v. Demko*, 385 U.S. 149, 152 (1966). S*ee also Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980) ("Demko

---

*Moss*, 527 U.S. 744, 757 (2014) (disposing of a *Bivens* claim without deciding the *Bivens* issue); *see also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857-60 (2017) (expressing skepticism regarding the availability of *Bivens* actions in new contexts).

makes clear that [the IACA] is the sole remedy against the government where the injury is work-related, and the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job"); *Koprowski v. Baker*, 822 F.3d 248, 250 (6th Cir. 2016). The IACA clearly states that a prisoner cannot file a claim to recover compensation for a physical impairment caused by a work-related injury earlier than 45 days before he is released from custody. 28 C.F.R. § 301.303(a). *See* 28 C.F.R. § 301.301 ("No compensation for work-related injuries resulting in physical impairment shall be paid prior to an inmate's release"). The amount recoverable is specified in the compensation schedule in FECA. *Id.* at § 301.314(b). FECA does not, however, provide relief to inmates who are injured during prison work detail. *See id.* at § 301.319 ("Recovery under the Inmate Accident Compensation procedure was declared by the U.S. Supreme Court to be the exclusive remedy in the case of work-related injury"). Plaintiff acknowledges that he cannot receive an award under IACA while in custody, but asserts that his sister could receive the award as his personal representative. (ECF No. 15 at 11). While the IACA provides an avenue by which an inmate can appoint a personal representative, 28 U.S.C. § 301.304(a), the regulation contains no provision allowing a personal representative to collect an award prior to the inmate's release from custody. And, while Plaintiff appears to suggest that he is entitled to expedited relief on the basis that his injury caused disfigurement rather than impairment, there is no provision in the regulation to support this contention.

Finally, there is no basis for finding that Defendant's refusal to submit the claim for compensation will prevent Plaintiff from applying for the lump sum award pursuant to the specifications in § 301.303(a). Although the governing regulations require that an inmate's

4

work supervisor complete and forward a BP-140 injury report to the Institutional Safety Manager at the time of the injury, 28 C.F.R. § 301.105(a), the manager's failure to do so does not preclude Plaintiff from obtaining relief under the IACA. *See Hatfield v. United States*, No. 5:18-cv-00420, 2018 WL 8621209, at * 7 & n.2 (S.D.W. Va. Aug. 29, 2018) (collecting cases).

The Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge and finds no error, let alone clear error. Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 12) and dismisses this action without prejudice and without service of process.

**IT IS SO ORDERED.**

                                    s/Bruce Howe Hendricks
                                    Bruce Howe Hendricks
                                    United States District Judge

October 1, 2019
Charleston, South Carolina

******

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.